MEMORANDUM OPINION
 

 KAPLAN, District Judge.
 

 This is an action for breach of contract to recover in consequence of the alleged return of defendant’s check in the amount
 
 *DXXV
 
 of $3,815.
 
 [1]
 
 The sole alleged basis of jurisdiction is the Shipping Act of 1984, which is codified in various sections of the appendix to title 46 of the United States Code. The complaint does not cite any particular section of the statute which is alleged to confer jurisdiction. By order dated March 19, 2004, the Court, acting pursuant to its obligation to inquire into its own jurisdiction, directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.
 

 Plaintiffs response to the order to show cause asserts that jurisdiction is proper pursuant to Section 14(d)(1) of the Shipping Act of 1984. Section 14(d) in its entirety provides:
 

 “(1) In ease of violation of an order of the Commission for the payment of reparation, the person to whom the award was made may seek enforcement of the order in a United States district court having jurisdiction of the parties.
 

 “(2) In a United States district court the findings and order of the Commission shall be prima facie evidence of the facts therein stated, and the petitioner shall not be liable for costs, nor for the costs of any subsequent stage of the proceedings, unless they accrue upon his appeal. A petitioner in a United States district court who prevails shall be allowed reasonable attorney’s fees to be assessed and collected as part of the costs of the suit.
 

 “(3) All parties in whose favor the Commission has made an award of reparation by a single order may be joined as plaintiffs, and all other parties in the order may be joined as defendants, in a single suit in a district in which any one plaintiff could maintain a suit against any one defendant. Service of process against a defendant not found in that district may be made in a district in which is located any office of, or point of call on a regular route operated by, that defendant. Judgment may be entered in favor of any plaintiff against the defendant liable to that plaintiff.”
 
 [2]
 

 Plaintiff attaches also a copy of a letter from the director of the Office of Consumer Complaints at the Federal Maritime Commission (“FMC”) to the defendant concerning plaintiffs complaint regarding the return of defendant’s check. The letter states that “certain bad faith actions in connection with the payment of freight constitute violations of Section 10(a)(1) of the Shipping Act of 1984” and expresses the author’s opinion that defendant “may have violated” that statute. It notes that plaintiff has the option of seeking an order of the FMC with respect to the freight charges at issue.
 
 [3]
 

 The foregoing demonstrates that the Shipping Act does not confer jurisdiction on the district courts in actions to collect bad checks. Rather, Section 14 grants the district courts jurisdiction to enforce orders of the FMC. Thus, if plaintiff is determined to litigate this case in a federal court, it first will have to obtain a reparation order from the FMC. Of course, it is free also to pursue the matter in the small claims part of the New York State courts.
 

 The action is dismissed for lack of subject matter jurisdiction.
 

 SO ORDERED.
 

 [1]
 

 . It appears that defendant's account was closed by the time the check was presented for payment.
 

 [2]
 

 . 46 U.S.C.App. § 1713.
 

 [3]
 

 . Márchese letter, Mar. 25, 2004, Ex. C.